■ In the Matter of JOHN R. KING, Petitioner, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles, et al., Respondents.— Proceeding under article 78 of the Civil Practice Act to review a determination of respondent Commissioner of Motor Vehicles which dismissed petitioner from his position as a motor vehicle license examiner, after a hearing upon charges of misconduct, consisting, in essence, of accepting bribes from operators of drivers' schools to influence the results of tests given certain of their students. Petitioner attacks the charges as vague and indefinite; and, as originally constituted, they were. However, they were rendered more specific by a bill of particulars, whereupon petitioner proceeded to trial without objection. Under the circumstances, we find them sufficient, insofar as they relate to payments of money by Espinosa, Benitez and Marrero, as specified in the bill of particulars. There was proof of several transactions of Espinosa and Benitez with petitioner which, if credited, would warrant findings of misconduct. The difficulty is, however, that the determination contains no factual findings whatsoever and it is thus impossible to determine which of the acts testified to were considered to have been established. Such legal insufficiency is of particular moment

when, as here, we are required to review the measure of the punishment imposed. The report of the hearing officer, if relevant at all, since it is neither confirmed by, nor referred to in the final determination, is no more helpful since it is likewise devoid of factual findings, consisting of little more than a recital of the evidence offered against petitioner and aggravating the basic deficiencies alluded to by referring to the testimony of certain witnesses as unreliable, with no indication as to the specific charge or charges affected by such unreliability, and then concluding with a finding of guilt, couched in the generalities and alternatives of the original charges, but unaided by the particularizations to which we have referred. The Commissioner's determination follows the same form and thus does no more than to find that petitioner improperly and illegally accepted moneys "either directly or indirectly, from applicants for licenses * * * or from representatives of * * * driving schools, either for the purpose of influencing the results of road, written or other tests, or for preferential treatment given * * * by said John R. King or other Motor Vehicle License Examiners." Less meaningful or specific findings would be difficult to devise. That petitioner was thus deprived of his right to findings sufficient to permit intelligent judicial review seems too obvious to require discussion (*Matter of Elite Dairy Prods.* v. *Ten Eyck,* 271 N. Y. 488; *Matter of Piper* v. *Lubin,* 4 A D 2d 812; 1 Benjamin, Administrative Adjudication, p. 251.) Determination annulled, with $50 costs, and matter remitted for further proceedings not inconsistent herewith. Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.